Gunter, J.
*49 Appellant leased to Timerman real estate for a term beginning February 7, 1887, ending February 7, 1912, he agreeing to pay the rent provided in the lease. This was $100.00 per month for the first five years, for the residue of the term to be fixed by appraisement in this manner, “For the rest and residue of said term the rent from time to time shall be ascertained and fixed and determined and paid in the manner hereinafter stated; that is to say, that not less than thirty days prior to the expiration of the first five years of said term, the parties hereto, their heirs or lawful assigns, or the agents of them or either of them, as the case may be, shall each select one fair impartial property owner of the city of Denver, * * * to act as appraiser for the purpose of appraising and fixing the value of the above described lots * * * and the two so selected shall select another * * * to act with them in making the appraisement and valuation of the said property. The said parties so chosen shall thereupon without delay appraise the value of said ground at its then full cash market value, and they shall not less than ten days prior to the expiration of said period of five years make a return of their appraisal and valuation in writing, to each party, or the agent thereof as the case may be * * *.
“From the time of the expiration of the first period the rent of the said premises for the succeeding five years, shall be a sum equal to six per cent per annum of the valuation so found and returned as aforesaid,' payable in monthly installments in advance as aforesaid.”
Timerman assigned the lease to appellee Lunt in these terms: “Know all men hereby that for and in consideration of the matters hereinafter mentioned and the sum of $750.00 to me in hand paid by Horace G-. Lunt * * * the receipt whereof is *50 hereby confessed, I do hereby assign, sell and transfer nnto the said # # - # Lnnt the annexed lease and all my right, title and interest in and to the leased premises and do hereby grant, bargain, sell and convey unto* him the said * * * Lunt all my right, title and interest in and to the leased premises, and do hereby grant, bargain, sell and convey unto him, the said * * * Lunt, all my right, title and interest in and to the said * * * parcels of land in the within lease mentioned, the said * * * Lunt in consideration hereof to pay the owner of said property the rent reserved to be paid under and by virtue of said lease for and during the full term thereof, and to do and perform all things required to be done by me by the terms of said lease and to save and keep' me harmless of and from any loss, liability or damage on account thereof.
“Signed, sealed and delivered at Denver, Colorado this 29th day of December, A. D. 1887.
“George W. Timerman.”
June 15, 1888, Lunt assigned the lease to The Denver Tramway Company. January 6, 1889, The Denver Tramway Company and its successors, by consolidation, assigned the lease to The Denver Auditorium Company. Before the expiration of the first five years of the lease an appraisement of the property above mentioned was had between the lessor and the assign then holding the lease, The Denver Auditorium Company, and the rental value thereof, by such appraisement, was fixed at $600.00 per month. The rent so determined from February 7, 1892, to March 7, 1894, was paid by said'The Denver Auditorium Company. The rent being in default for five months ending August 7, 1894, appellant instituted suit against appellee in the district court of said county to recover the amount of said delinquency, to wit, $3,000. A general demurrer to* the complaint *51 was sustained by the trial court, and plaintiff therein, appellant here, declining to amend, the action was dismissed. The case was reviewed and reversed in Wilson v. Lunt, 11 Colo. App. 61, 52 Pac. 296, the court in the course of its opinion saying: “We therefore conclude as the case is presented on the pleading, unless it should be modified by the proof, that .the plaintiff may recover. ’ ’
During the pendency of such action another suit had been brought by appellant against appellee for rent from August 7, 1894, to March 7, 1896, amounting to $12,000. When above remanded action was again in the lower court as the pleadings therein were identical with those in said suit for $12,000, except as to the time for which rent was claimed and the amount sued for, the actions were consolidated and so tried. Such trial was to the court upon the complaint as it stood in this court and upon the evidence adduced by the respective parties. The lower court on the retrial found the allegations of the complaint proven, but made the further finding, “that the appraisement therein mentioned was made without notice to the defendant,” and entered judgment for appellee. To review this judgment is this appeal.
Appellant contends that this appeal presents the same case heard in Wilson v. Lunt, supra, and that the doctrine of “the law of the case” is applicable to and decisive of this hearing.
Appellee contends:
First — That the proof herein has modified the case presented by the complaint at the former hearing in this court.
Second — That this being a different ease from Wilson v. Lunt, supra, the doctrine of “the law of the case” is not applicable, therefore he is at liberty to urge, and does urge, that an action will not lie in *52 favor of appellant, the lessor, on the assignment contract between Timerman and appellee Lnnt.
Third — That it appears in the present action that no notice of the appraisement was given to appellee, that the failure to give such notice is fatal to this action, that this question was not ruled on the former appeal.
Fourth — That the evidence does not show a compliance with the terms of the lease as to the appraisement in this, that it fails to show that the appraisers made a return of their appraisement and valuation in writing to appellee or to any one else.
1. As said above, this court in the former appeal held the complaint stated a cause of action. We have the same complaint herein. The lower court herein upon sufficient evidence found the allegations of such complaint proven, and further found that notice of the appraisement had not been given to appellee. The failure to- give this notice does not distinguish the present case from the former, because such notice, in the former hearing, was held not to be essential to recovery by appellant. In the former action the complaint did not allege that notice had been given to appellee, in fact the language-of paragraph 7 of the complaint, the only part thereof pertinent to the question of notice, excludes the idea that such notice had been given and the court held the complaint stated a cause of action. If it was necessary for plaintiff to prove notice of the appraisement to appellee it was necessary to allege it. Further, such notice is not required by the lease between appellant and Timer-man, nor by the contract of assignment from Timer-man to appellee. These instruments determine the rights of the parties. The lease provides that Timer-man shall pay the rent for the full term, that the rent for the second period of five years shall be determined by an appraisement, such appraisement to *53 be had by appraisers selected by the lessor and the assign.who may hold the lease. No provision appears in the original lease, nor in the assignment to appellee, whereby in case of assignment any rights are reserved on the part of Timerman or on the part of appellee as to notice to them, or either of them, of the appraisement, nor was any right reserved by either of them to participate in or have control of the appraisement. Timerman agreed to pay the rent ascertained by the appraisement and remained liable for it for the portion of the term remaining after assignment of the lease by him. Appellee Lnnt without limitation agreed to perform all the obligations of Timerman. This court held in the former action that appellant, the lessor, could sue upon such contract of appellee Lunt.
The Denver Auditorium Company at the time of the defaults in rent involved herein was the assign holding the lease. The lease and contract of appellee provided that not appellee but the assign holding the lease, The Denver Auditorium Company, should receive notice of the appraisement and participate therein. The last mentioned company received this notice and participated in the appraisement and has acted thereunder. This satisfied the terms of the lease and the contract of assignment to appellee.
2. The lower court herein found the requirements of the lease as to an appraisement satisfied except as to the matter of notice. This was a finding that in effect there was a return of the appraisement prescribed by the lease. This finding was justified by the fact that when counsel for appellant began to offer proofs as to the details of the appraisement counsel for appellee said: “There is no issue here about an appraisement having been made of this property by appraisers, one of whom was selected *54 by Mr. Wilson, one of whom was selected by The Auditorium Company and the third selected by those two. The point that we make is that Judge Lunt was not a party to that appraisement, had no notice of it, was not bound by it, and further that it was not such an appraisement as is provided for in the lease because Mr. Eeuter, one of the appraisers, was not an impartial and fair minded appraiser and not competent to act.” This was a clear waiver of proof as to details of the appraisement except as to the one point mentioned, the lack of notice to the appellee, and relieved appellant of proving a return of the appraisement and valuation in writing.
3. We are asked by appellant to enter final judgment. This we decline to do as it might deprive appellee of the opportunity to have this ruling reviewed by the supreme court in the event appellant prevails upon the retrial below.
Judgment reversed. Reversed.